IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY P. FENDER,

    Plaintiff,

v.

WASHINGTON COUNTY,
PENNSYLVANIA, SAMUEL ROMANO
*Individually and in his capacity as Sheriff of
Washington County, Pennsylvania*,

    Defendants.

14cv0142
**ELECTRONICALLY FILED**

## Memorandum Order

### I. Introduction

This is a civil rights action. Plaintiff alleges that Washington County, and Samuel Romano, individually and in his capacity as Sheriff of Washington County, Pennsylvania, while acting under color of state law pursuant to 42 U.S.C. § 1983, violated his due process rights under the Fourteenth Amendment when they wrongfully denied his constitutionally protected right to carry a concealed firearm for self-defense with no explanation in violation of 18 Pa. C.S. § 6109. Pending before this Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pr. 12(b)(6). For the reasons that follow, the Court will deny as moot Defendants' motion to dismiss (doc. no. 7), but will abstain for exercising jurisdiction at this time, and administratively close these proceedings while Plaintiff pursue his rights pursuant to the applicable state remedy. Defendant Romano shall properly follow the protocol set forth under 18 Pa.C.S. § 6109, by issuing the requested firearm permit or if the application/re-application is indeed denied, Defendant Romano must notify Plaintiff in writing of the denial and the specific

1

reasons for the denial, and Plaintiff may then file an appeal to the Washington County Court of Common Pleas. Once Defendant Romano follows his non-discretionary duties pursuant to 18 Pa.C.S. § 6109, and Plaintiff receives a ruling from the applicable state court(s), the Court will reopen this matter upon appropriate motion by either party.

**II.     Facts**

The facts of this case, according to the Complaint, which for purposes of this Memorandum Order are accepted as true, allege that Plaintiff, who has never been convicted of a criminal offense that would legally prohibit him from possessing firearms or ammunition, previously held a license to carry a firearm concealed or in a motor vehicle, pursuant to 18 Pa. C.S. § 6109, and sometime prior to the year 2000, he was notified by the Sheriff to surrender his license.

Plaintiff complied with the directive of the Sheriff, and surrendered his Firearms License at the Office of the Sheriff of Washington County, based upon some unspecified "objection" received by the Chief of Police of Chartiers Township more than 13 years ago. According to the Complaint, no reason was ever given, nor was Plaintiff advised that he had a right to a hearing on this matter.

In 2013, Plaintiff twice applied for issuance of a Pennsylvania license to carry a firearm concealed or in a motor vehicle, pursuant to 18 Pa. C.S. § 6109. Most recently, on December 27, 2013, Plaintiff's attorney wrote to Defendant Sheriff Romano seeking the specific reasons that he has refused to issue a Firearms License to Plaintiff, or to even process the Plaintiff's application for a Firearms License. As of the date of the filing of the Complaint, January 30, 2014, no reply was received by Plaintiff.

Therefore, according to the Complaint, Defendants have failed to provide any justification for its decision to deny Plaintiff's request for permit. There has been no reply by Defendants, and not any of the Defendants, nor any of their subordinates, "have been willing to articulate for the Plaintiff what the objection was, whether the objection is based upon any specific facts, or how or why that 'objection' warrants the Sheriff's refusal to process the Plaintiff's application in accordance with 18 Pa. C.S. § 6109." Doc. No. 1.

18 Pa. C.S. § 6109, addresses the requirements for the revocation or issuance of a license to carry a firearm. According to Section 6109(i), "an individual whose license is revoked may appeal to the Court of Common Pleas of the Judicial district in which the individual resides." While Plaintiff did not avail himself of the protocol, neither has Defendant Romano formally denied his current request.

### III. Discussion/Applicable Case Law[1]

The Court is mindful that as a federal court, it has a "virtually unflagging obligation" to exercise its jurisdiction, and may only abstain from exercising jurisdiction only when the clearest of justifications warrants it. *National City Mortgage v. Stephen*, 647 F.3d 78 (3d Cir. 2011). Indeed, abstention may only be used in the exceptional circumstances where the order to the parties to repair to the state court would serve an important countervailing interest, and not merely because a state court could entertain it. *Id.* at 82-83. After careful consideration, this Court finds that the facts of this case appear to be one such extraordinary circumstance, because the established procedure to revoke/deny/not accept/grant Plaintiff's application for a gun permit, being a largely local matter on which there is pertinent statutory authority, and one in which the

---

[1] Because the Court will not dismiss this case for lack of standing or for any of the other grounds listed in Defendants' motion to dismiss, the Court will not review this case on the ordinary standard of review for a motion to dismiss.

proper steps for determination have not been followed by *either* side (at least according to the facts of the Complaint).

There are three traditional (comity) grounds for abstention, the first of which appears to be most applicable to the instant dispute: (1) *Pullman* abstention, . . . which is proper when a state court determination of a question of state law might moot or change a federal constitutional issue presented in a federal court case; (2) *Burford* abstention, . . . which is proper when questions of state law in which the state has expressed a desire to establish a coherent policy with respect to a matter of substantial public concern are presented; and, (3) *Younger* abstention, . . . which is proper when federal jurisdiction has been invoked for the purpose of restraining certain state proceedings. *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, fn 5 (3d. Cir. 1994)(citing *Railroad Comm'n of Text v. Pullman Co.*, 312 US. 496 (1941); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and *Younger v. Harris*, 401 U.S. 37 (1971)).[2]

The question presented by Plaintiff falls within the array of cases under which this Court has discretion to exercise its authority to abstain. *Pullman* abstention requires the following special circumstances: (1) uncertain issues of state law underlying the federal constitutional claim; (2) state law issues subject to state court interpretation that could obviate the need to adjudicate or substantially narrow the scope of the federal constitutional claim; and (3) an erroneous construction of state law by the federal court would disrupt important state policies.

---

[2]In this Circuit, when a case does not fall within the traditional abstention doctrines, the case may fall under the *Colorado River* Doctrine. *Trent v. Dial Medical of Florida, Inc.*, 33 F.3d 217, 222 (3d Cir. 1994).
Among the factors to consider in determining whether the Court should abstain under the *Colorado River* Doctrine includes: (1) whether the state court assumed in rem jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums." *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818 (1976)). The Colorado River Doctrine is also potentially applicable, with the exception of the factor that because Romano has allegedly failed to accept the application, no state court proceedings are now taking place.

4

*Presbytery of New Jersey of the Orthodox Presbyterian Church v. Whitman*, 99 F.3d 101, 106 (3d Cir. 1996).

In many cases examined by the United States Court of Appeals for the Third Circuit, the Court looked at ambiguous statutory language where fairness and federalism require a proper interpretation of state law by the state court prior to federal adjudication. *See, e.g., Chez Sez III Corp. v. Township of Union*, 945 F.2d 628 (3d Cir. 1991) (recognizing as ambiguous the terms "motion picture theater" and "retail shop" for the purposes of a *Pullman* analysis). The case before this Court does not contain the sort of facial ambiguity as most commonly understood by *Pullman*; however, it does necessarily contain uncertain issues of state law or the application of state law to the facts underlying the federal claim. Plaintiff avers that Defendant has given no cause for the revocation and later denial of his firearm permit. Though Defendant Romano is outside the scope of his authority in concealing from Plaintiff his reasoning, it is not yet known if Defendant had any legitimate cause for such revocation or denial. In other words, the parties have not yet availed themselves of the available administrative remedies. These questions must be resolved at the state level – both administratively and judicially – before this Court may properly analyze the underlying federal constitutional claim. The first consideration of the *Pullman* analysis is satisfied, as the statutory and procedural ambiguities are best addressed at the state, and not the federal, level.

At this point, this Court finds that a proper adjudication by the Court of Common Pleas of Washington County, where 18 Pa. C.S. § 6109(i) recommends this applicant seek redress, would sufficiently address Plaintiff's Complaint. Thus, the resolution of this question of state law would potentially obviate the need for federal adjudication of Plaintiff's constitutional claims, satisfying the second element of the *Pullman* considerations.

"Abdication of the obligation to decide cases can be justified under [the *Pullman* doctrine] only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959). Recognizing the importance of the state's authority to regulate the licensing of firearms to its own citizens, the third consideration under *Pullman* is satisfied.

"A *Pullman*-type abstention serves two basic purposes: the avoidance of unnecessary constitutional pronouncements, and the avoidance of undue interference with sensitive state programs." *United States v. City of Pittsburgh*, 757 F.2d 43, 45 (3d Cir. 1985). Both purposes are served by this Court's exercise of *Pullman* abstention in this case. However, that exercise of abstention does not amount to a denial of jurisdiction in any case. *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). Instead, it is a "decline to exercise or postpone[ment of] the exercise of its jurisdiction." *Allegheny Cnty. v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). Plaintiff may, following state adjudication of his claims, file a motion to re-open this case in this Court if the need still exists. At this time, however, this Court exercises its discretion in *Pullman* abstention in deference to state authority over this claim.

To summarize, according to the Complaint, Plaintiff was never provided with a written explanation of the denial of his application, and this "notice" shall be in writing and shall state the specific reason for revocation/denial, and shall be sent by certified mail. The language of 18 Pa.C.S.A. § 6109, sets forth specific procedures to be followed by both the Sheriff, and the Plaintiff, none of which appear to have been followed here. Although there may be federal constitutional implications at play, the Court notes that, the matter of denials of applications to carry firearms is traditionally a state law matter, in which important state law interests are

6

implicated. These issues have been resolved routinely by the trial and appellate courts of Pennsylvania, and this Court's research has revealed as much. The Court sees no reason to disturb the normal and well-established protocol in this case, at this juncture. Where, as here, the state court determination of this issue has the great possibility of mooting and/or significantly altering the potential constitutional issues presented in this case, notions of comity and wise judicial administrative counsel this Court's decision to abstain from exercising jurisdiction over this dispute, at this time. *Pullman,* 312 U.S. 496.

## IV. Conclusion

IT IS HEREBY ORDERED that the parties are directed to follow the well-established statutory protocol: (1) by Defendants accepting Plaintiff's written application, and (2)(i) by Defendants issuing the requested firearm license, or (2)(ii) by Defendants providing written notice of the reasons for denying Plaintiff's application, via certified mail to Plaintiff. If the application is denied, upon receipt of such notice, Plaintiff then shall avail himself of the Court of Common Pleas of Washington County and any appropriate appeals. Upon the conclusion of the state court proceedings, either party may re-petition this Court to re-open this case for further proceedings. The Clerk shall mark the docket as administratively closed. Accordingly, Defendants' Motion to Dismiss (doc. no. 7) is DENIED AS MOOT.

**SO ORDERED** this 15th day of April, 2014.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties